# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MATTHEW TJELTVEIT,

      Petitioner,                    3:08-cv-00054-LRH-VPC

vs.                                        ORDER

E.K. MCDANIEL, *et al.*,

      Respondents.

      This action is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by petitioner Matthew Tjeltveit, a Nevada prisoner. This Court previously ordered the petitioner to show cause why the instant petition for writ of habeas corpus should not be dismissed, as it appeared that petitioner's claims were unexhausted (docket #7). Petitioner has not responded to this Court's order and has not shown that his claims are exhausted, therefore the Court will dismiss the petition without prejudice.

      A state prisoner must exhaust all available state remedies prior to filing a federal habeas corpus petition. 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509 (1982). The state courts must be given a fair opportunity to act on each claim before those claims are presented in a habeas petition to the federal district court. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999). Furthermore, a claim will remain unexhausted until a petitioner has sought review from the highest available state court through direct appeal or collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004). A habeas petitioner must "present the state courts with the same claim he urges upon the federal court" in order to allow a state court to correct violations of federal rights. *Picard v. Connor*,

404 U.S. 270, 276 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995).

According to items 3 and 4 of the petition, petitioner did appeal from his conviction, however the appeal was dismissed without a chance to raise any issues, and petitioner did not seek state post-conviction relief. *See also* pages 4, 6, and 8 of the petition (admitting failure to exhaust grounds for relief). From the face of the petition, therefore, petitioner has admitted that his claims for relief have not yet been exhausted in state court. As all of petitioner's claims remain unexhausted, the petition will be dismissed without prejudice. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (finding that a court need not hold a petition in abeyance pending exhaustion if the petition contains only unexhausted claims).

Furthermore, the Court will deny petitioner a certificate of appealability. In order to proceed with an appeal from this court, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.* The Supreme Court has held that a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Where a court has dismissed a petitioner's habeas corpus petition on procedural grounds, however, the determination of whether a certificate of appealability issues becomes a two-part test. The Supreme Court has stated that under such circumstances:

> A COA should issue when the prisoner shows...that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id. See also Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003). Therefore, in order to obtain a COA in cases dismissed on procedural grounds, petitioner has the burden of demonstrating both that he was denied a valid constitutional right *and* that jurists of reason would find it debatable whether the court's procedural ruling was correct. In cases where there is a plain procedural bar to a petitioner's claims and the district court is correct to invoke that procedural bar to dispose of the case, "a reasonable jurist could not conclude either that the district court erred in dismissing the

petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

In the present case, petitioner's habeas petition is being dismissed without prejudice as the petition contains only unexhausted claims. No reasonable jurist could conclude that this Court's procedural ruling was in error. Petitioner is not entitled to a certificate of appealability.

**IT IS THEREFORE ORDERED** that the petition (docket #8) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the clerk shall **ENTER JUDGMENT ACCORDINGLY**.

**IT IS FURTHER ORDERED** that petitioner is **DENIED** a certificate of appealability.

DATED this 28th day of April, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3